IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **BRETHREN MUTUAL INSURANCE COMPANY,** | : |
| **Plaintiff** | : CIVIL NO. 1:09-CV-1544 |
| v. | : |
| | : (Judge Sylvia H. Rambo) |
| **HEAD'S UP, INC. d/b/a LAMP POST INN, SUSAN MENGES, ADMINISTRATRIX OF THE ESTATE OF MORGAN E. LONG, Deceased; and, GLENN E. RUDY, ADMINISTRATOR OF THE ESTATE OF CRYSTAL F. RUDY, Deceased,** | : |
| **Defendants** | : |

# **M E M O R A N D U M**

This action was brought by Plaintiff Brethren Mutual Insurance Company, ("BMIC"), pursuant to the Declaratory Judgment Act, 28 U.S.C. §§ 2201, 2202. BMIC seeks a declaratory judgment that a policy of insurance between it and Defendant Head's Up, Inc. d/b/a Lamp Post Inn ("Head's Up") does not provide coverage to Head's Up for the injuries suffered and damages claimed by Defendants Susan Menges, Administratrix of the Estate of Morgan E. Long, Deceased ("Estate of Morgan Long"), and Glenn R. Rudy, Administrator of the Estate of Crystal F. Rudy, Deceased ("Estate of Crystal Rudy") (collectively "the Estate Defendants"). BMIC also seeks a declaratory judgment that it has no duty to defend or indemnify Head's Up in the separate lawsuits brought by the Estate Defendants in state court. Before the court are separate motions to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1) by each of the Defendants. (Docs. 6, 11, 17.) For the reasons

that follow, the court will grant each motion, decline to exercise its jurisdiction, and dismiss this case in its entirety.

I. **Background**

In November 2007, Morgan Long and Crystal Rudy were killed in a two-car automobile accident. The driver of the other vehicle was Roseanna Thompson, who also died from injuries suffered in the crash. At the time of the accident, Ms. Thompson's blood alcohol level was in excess of the legal limit.

On August 7, 2008, Defendant Estate of Crystal Rudy filed a lawsuit against Head's Up in the Court of Common Pleas of Dauphin County seeking damages for the death of Crystal Rudy.[1] On August 17, 2009, an amended complaint was filed in that action. On June 15, 2009, Defendant Estate of Morgan Long filed a lawsuit against Head's Up in the Court of Common Pleas of Dauphin County seeking damages for the death of Morgan Long.[2] These complaints were consolidated by the Dauphin County Court of Common Pleas on August 17, 2009. Although the causes of action differ slightly in both of the underlying lawsuits, both lawsuits assert that Head's Up is liable for the deaths of Crystal Rudy and Morgan Long because it knowingly served alcohol to Roseanna Thompson at a time when she was visibly intoxicated.

---

[1] The case is *Glenn E. Rudy, Administrator of the Estate of Crystal F. Rudy, Deceased v. Head's Up, Inc. d/b/a Lamp Post Inn,* docked at 2008-CV-9894 in the Dauphin County Court of Common Pleas.

[2] The case is *Susan Menges, as Administratrix of the Estate of Morgan E. Long, Deceased v. Head's Up, Inc. d/b/a Lamp Post Inn*, docketed at 2009-CV-7456-CV in the Dauphin County Court of Common Pleas.

BMIC is the insurer of Head's Up, and agreed to represent Head's Up in the underlying actions under a reservation of rights based on the terms, conditions, and exclusions of the insurance policy. On August 12, 2009, BMIC filed the instant case seeking a declaratory judgment that it has no duty to defend or provide indemnity to Head's Up in either of the state court lawsuits. Specifically, BMIC points to certain exclusions in the policy of insurance between it and Head's Up that exclude both the duty to defend and the duty to indemnify for any "'[b]odily injury' . . . for which any insured may be held liable by reason of . . . [c]ausing or contributing to the intoxication of any person; . . . [or] [t]he furnishing of alcoholic beverages to a person . . . under the influence of alcohol."[3] (Doc. 1, Compl., ¶ 19.)

Defendants in this action—Head's Up and the Estate Defendants—have each filed a motion asking the court to decline to exercise jurisdiction over this case.

## II. **Legal Standard**

The Declaratory Judgment Act, 28 U.S.C. §§ 2201, 2202, vests federal courts with jurisdiction to "declare the rights and other legal relations of any interested party seeking such declaration." *State Auto Ins. Cos. v. Summy*, 234 F.3d 131, 133 (3d Cir. 2000). In relevant part, the Declaratory Judgment Act provides:

> In a case of actual controversy within its jurisdiction, . . . any court of the United States, upon the filing of an appropriate pleading, *may* declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought. Any such declaration shall have the full force and effect of a final judgment or decree and shall be reviewable as such.

---

[3] In its complaint, BMIC also lists other exclusions that it believes absolves it from a duty to defend or indemnify Head's Up. (*See* Doc. 3, Compl., ¶ 19.)

28 U.S.C. § 2201 (emphasis added).

The Supreme Court has characterized the Declaratory Judgment Act as "an enabling Act, which confers a discretion on the courts rather than an absolute right upon the litigant." *Wilton v. Seven Falls Co.*, 515 U.S. 277, 287 (1995) (internal quotations omitted) (citations omitted). Thus, district courts "wield broad and selective discretion" in determining whether to entertain a declaratory judgment action, *State Farm Mut. Auto Ins. Co. v. Lavanture*, 2006 WL 1344051, at *2 (M.D. Pa. May 16, 2006)(Rambo, J.), and although vested with jurisdiction by the Declaratory Judgment Act, the courts are under "no compulsion to exercise that jurisdiction," *Brillhart v. Excess Ins. Co. of America*, 316 U.S. 491, 494 (1942). To the contrary, the courts should decline to grant declaratory relief when such relief "would impinge on a state proceeding ... [or] result in a conflict between the decisions of state and federal courts." *Travelers Ins. Co. v. Davis*, 490 F.2d 536, 544 (3d Cir. 1974). In other words, the federal courts should not permit a declaratory judgment action to be used as a "method of procedural fencing, or as a means to provide another forum in a race for res judicata." *Terra Nova Ins. Co. v. 900 Bar, Inc.*, 887 F.2d 1213, 1225 (3d Cir. 1989).

In *State Auto Ins. Cos. v. Summy*, 234 F.3d 131 (3d Cir. 2000), the Third Circuit set out guidelines for the court to use in deciding whether to exercise its diversity jurisdiction in declaratory judgment actions. First, the *Summy* court listed the following non-exhaustive factors for the court to consider in the context of insurance policies:

> (1) a general policy of restraint when the same issues are pending in a state court; (2) an inherent conflict of interest between an insurer's duty to defend in a state court and its attempt to characterize that suit in federal court as falling

4

>within the scope of a policy exclusion; and (3) avoidance of duplicative litigation.

234 F.3d at 134.

Second, the *Summy* court restated some overarching themes that the Supreme Court has articulated in determining when district courts should assert jurisdiction: (1) "in the declaratory judgment context, the normal principle that federal courts should adjudicate claims within their jurisdiction yields to considerations of practicality and wise judicial administration," *id.* at 134 (quoting *Wilton,* 515 U.S. at 288); and (2) "gratuitous interference with the orderly and comprehensive disposition of a state court should be avoided," *id.* at 133 (quoting *Wilton,* 515 U.S. at 495). As a final note, the Third Circuit warned that "the desire of insurance companies and their insured to receive declaration in federal court on matters of purely state law has no special call on the federal forum," *see id.* at 136, and the fact that there are no federal questions or federal interests at stake should weigh heavily in favor of declining jurisdiction. *Id.* at 134-36.

### III.        Discussion

Upon review of the factors discussed by the Third Circuit in *Summy,* applied to the facts before the court, it is appropriate for the court to decline jurisdiction to hear BMIC's declaratory judgment action.

### A. The pending state case

In *Summy*, the Third Circuit cautioned that a federal court should adopt a general policy of restraint when the same issues are pending in state court. BMIC argues that *Summy* does not compel a district court to relinquish properly invoked diversity jurisdiction, and that absent a "parallel" state court action — both in terms of the cause of action pled in state court (declaratory judgment) and the same parties—a district court should not decline jurisdiction.

The court agrees that *Summy* does not compel the court to relinquish jurisdiction, and acknowledges that there is some merit to the concerns presented by BMIC. It is true that there is no parallel state proceeding because BMIC is not a party to the underlying action by the Estate Defendants against Head's Up. However, other courts in this district faced with similar circumstances have concluded that the lack of parallel proceedings in state court is not dispositive; particularly when the action before the federal court does not implicate any federal interest, and there is the real potential for a conflict of interest between the allegations made in this case and BMIC's duty to defend the underlying state lawsuit.

In *Brethren Mut. Ins. Co. v. Hoffman*, 2008 U.S. Dist. LEXIS 109289, at *1 (M.D. Pa. Aug. 20, 2008), Judge Vanaskie declined jurisdiction under circumstances similar to those present here. In *Hoffman*, BMIC brought a declaratory judgment action in federal court seeking a judgment that its insureds were not entitled to stacked under-insured motorist coverage to compensate for injuries sustained in a motor vehicle accident. BMIC's insureds in that case had commenced a claim in the Luzerne County Court of Common Pleas. With regard to

BMIC's argument that the state proceeding was not parallel, Judge Vanaskie ultimately concluded that the lack of a parallel proceeding was immaterial. "Brethren's contention that there must be a parallel state court proceeding in order to justify declination of jurisdiction is . . . unsound." *Id.* at *5 (citing *Hartford v. Keystone Auto. Operations*, 2007 WL 257915, at *3 (M.D. Pa. Jan. 29, 2007) (Munley, J.) ("The fact that no parallel state court proceeding exists is outweighed by the lack of any federal question in this case."); *see also Allstate Ins. Co. v. Seelye*, 198 F.Supp. 2d 629, 632 (W.D. Pa. 2000) (holding that "the existence of a parallel state court proceeding is not a necessary predicate for a district court to decline jurisdiction in a declaratory judgment action") (citations omitted); *but see TIG Ins. Co. v. Tyco Intern., Ltd.,* 2009 WL 151597, *4 -5 (M.D. Pa. Jan. 21, 2009) (Caputo, J.) (finding that the lack of a parallel proceeding mitigated in favor of retaining federal jurisdiction), *and Canal Ins. Co. v. Paul Cox Trucking*, 2006 WL 2828755, at *1 (M.D. Pa. Oct. 2, 2006) (Conner, J.) (same).

Despite the lack of directly parallel proceedings, there are overlapping issues between the present case and the state court cases. For instance, BMIC takes the position in this litigation that certain policy exclusions in the insurance contract between BMIC and Head's Up apply to the facts alleged by the Estate Defendants, and therefore, BMIC has neither a duty to defend nor a duty to indemnify Head's Up in the state lawsuits. Among others, BMIC asks the court to conclude that the following exclusion from coverage is applicable:

> This insurance does not apply to:
>
> **c.    Liquor Liability**
>
> "Bodily injury" . . . for which any insured may be held liable by reason of:

7

> > (1) Causing or contributing to the intoxication of any person;
> > (2) The furnishing of alcoholic beverages to a person under the legal drinking age or under the influence of alcohol;
> > (3) Any statute ordinance or regulation relating to the sale, gift, distribution or use of alcoholic beverages.
>
> > This exclusion applies only if you are in the business of manufacturing, distributing, selling, serving or furnishing alcoholic beverages.

(Doc. 1, Compl., ¶ 19.)

If the court were to retain jurisdiction of this case, it would have to decide whether the exclusion quoted above is applicable to the facts of this case, which would necessarily involve delving into the facts in the underlying state action. Both of the Estate Defendants have alleged that Head's Up served Roseanna Thompson alcohol on its premises after she was visibly intoxicated. (*See* Doc. 1-3 ¶¶ 11-12; Doc. 1-4 ¶¶ 8-9). Head's Up has denied that this occurred. In its answer to both of the state court cases, Head's Up asserts in its New Matter that "[t]he small amount of alcohol that Roseanna Thompson was served and consumed at [Head's Up] was not a substantial factor or factual cause of either her intoxication or the accident that forms the basis of the suit." *See* Answer with New Matter of Head's Up, Inc., ¶ 37, *Glenn E. Rudy, Administrator of the Estate of Crystal F. Rudy, Deceased v. Head's Up, Inc. d/b/a Lamp Post Inn,* 2008-CV-9894 (Dauphin C.P. Sept. 10, 2009); Answer with New Matter of Head's Up, Inc., ¶ 71*, Susan Menges, as Administratrix of the Estate of Morgan E. Long, Deceased  v. Head's Up, Inc. d/b/a Lamp Post Inn*,  2009-CV-7456 (Dauphin C.P. Sept. 10, 2009).

Thus, any decision on whether the exclusion cited by BMIC applies in the case *sub judice* would necessarily require inquiry into whether the alcohol

8

served to Roseanna Thompson by Head's Up caused or contributed to her intoxication, an issue that will be the subject of contentious litigation in the underlying state lawsuits.[4] This seems to be precisely the situation that the *Summy* court warned of when it cautioned that "[a] federal court should . . . decline to exercise its discretionary jurisdiction when doing so would promote judicial economy by avoiding duplicative and piecemeal litigation." *Summy*, 234 F.3d at 135. This admonition seems doubly appropriate where, like here, no federal interest is implicated.

### B. There is No Federal Question or Federal Interest Presented

While the instant action satisfies the requirements for subject matter jurisdiction under 28 U.S.C. § 1332 (diversity) the court need not exercise that jurisdiction. *See Wilton v. Seven Falls Co.*, 515 U.S. 277, 282 (1995); *see also Mitcheson v. Harris*, 955 F.2d 235, 238 (4th Cir. 1992) ("[I]n declaratory actions Congress has afforded the federal courts a freedom not present in ordinary diversity suits to consider the state interest in having state courts determine questions of state law."). Here, there is no federal question or federal interest presented in this case that would limit the Court's discretion to decline jurisdiction. The issue of insurance coverage is a matter purely of state law, and Pennsylvania has a

---

[4] It also bears mentioning that this appears to be one of those situations where *Summy* cautions district courts to decline jurisdiction because of the very real possibility of a "conflict of interest between an insurer's duty to defend in state court and its attempt to characterize that suit . . . as falling within the scope of a policy exclusion" in federal court. *Summy*, 234 F.3d at 134. Here, BMIC is arguing that the court should find that the liquor liability exclusion applies because the bodily injury alleged in the underlying state cases occurred because Head's Up caused or contributed to the intoxication of Roseanna Thompson, which of course is exactly the opposite position that Head's Up has taken in defense of those state court claims. Thus, this very real possibility of a conflict of interest mitigates heavily in favor of declining jurisdiction.

9

well-developed body of law on the interpretation of insurance policies. *See e.g., Madison Constr. Co. v. Harleysville Mut. Ins. Co.*, 735 A.2d 100, 106 (Pa. 1999) (discussing contract interpretation where insurer relies on policy exclusion to deny coverage).

Contrary to the assertion made by BMIC, the instant case is not analogous to the situation faced by Judge Conner in *Canal Ins. Co. v. Paul Cox Trucking*, 2006 WL 2828755, at *1 (M.D. Pa. Oct. 2, 2006), upon which BMIC relies heavily to support its argument that the court should retain jurisdiction. In *Paul Cox Trucking*, the dispute centered on several liability exclusions contained in a commercial auto insurance policy, as well as the "effect of the policy's Motor Carrier Safety Form 90 . . . endorsement, which is required by federal law for trucks engaged in interstate commerce." *Id.* While the presence of a federal issue was not the exclusive basis upon which Judge Conner rested his decision to retain jurisdiction, the court believes that it is sufficiently important to render *Paul Cox Trucking* distinguishable.

There is not even a hint of a federal issue implicated in the present case, and BMIC does not argue that a federal issue is present; instead, it argues simply that once subject matter jurisdiction is properly invoked, the court should retain jurisdiction. In essence, it argues that the court should consider the fact that BMIC chose to be here. However, in situations like these, the *Summy* court directed that, where state law is firmly established, there is little reason to resort to a federal forum, and an insurer's preference to be in federal court versus state court is immaterial. *See Summy*, 234 F.3d at 136. Furthermore, although BMIC has

voluntarily filed a declaratory judgment in federal court, the same action is available in state court.

**IV.        Conclusion**

The dispute over the scope of coverage of the insurance contract between BMIC and Head's Up is purely a matter of well-settled state law, and there are no federal interests at stake. The courts of Pennsylvania are perfectly capable of resolving this dispute in accordance with Pennsylvania law; and, in fact, the court believes that it would promote greater judicial efficiency if this case were to be heard by the same court that is deciding the underlying civil litigation involving the Estate Defendants and Head's Up. The court believes that this is one of those cases where "considerations of practicality and wise judicial administration," dictate that the court decline to exercise jurisdiction over BMIC's declaratory judgment action. *Summy,* 234 F.3d at 134. Accordingly, the court will grant the Defendants' respective motions to dismiss, and will issue an order consistent with this memorandum.

                                                   s/Sylvia H. Rambo
                                                United States District Judge

Dated: January 28, 2010.

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

BRETHREN MUTUAL INSURANCE :
COMPANY, :
         **Plaintiff** : CIVIL NO. 1:09-CV-1544
:
   v. :
:
HEAD'S UP, INC. d/b/a :
LAMP POST INN, SUSAN MENGES, :
ADMINISTRATRIX OF THE :
ESTATE OF MORGAN E. LONG, :
Deceased; and, GLENN E. RUDY, :
ADMINISTRATOR OF THE :
ESTATE OF CRYSTAL F. RUDY, :
Deceased, :
:
         **Defendants** :

## O R D E R

In accordance with the attached memorandum of law, **IT IS HEREBY ORDERED THAT:**

(1) The motion to dismiss filed by Defendant Glenn E. Rudy, Administrator for the Estate of Crystal F. Rudy, Deceased, (Doc. 6), is **GRANTED**;

(2) The motion to dismiss filed by Defendant Susan Menges, Administratrix of the Estate of Morgan E. Long, Deceased, (Doc. 11), is **GRANTED**;

(3) The motion to dismiss filed by Defendant Head's Up, Inc. d/b/a Lamp Post Inn, (Doc. 17), is **GRANTED**; and,

(4) The clerk of court is directed to close the case.

                                                      s/Sylvia H. Rambo
                                                      United States District Judge

Dated: January 28, 2010.